## Emerson *versus* Graff.

Where a proposal is made by one party the other cannot recover upon it as a contract, without proving that the party making the proposition was duly notified of the acceptance of the offer.

An agreement to indemnify a party against loss to a certain extent, provided he subscribe a certain amount of shares in a corporation, is a proposal which to be binding as a contract must be accepted by the party to whom it is addressed, and the party making the offer notified thereof.

The subject-matter of such an agreement being stock, a reservation therein, that the party should have the right to take the shares at *par*, being of no value to him, it was not necessary that a tender of the stock should be made to him, before disposing of it to another at the market value.

ERROR to the Common Pleas of *Indiana county*.

This was an action of *assumpsit* by John Graff, against Edward P. Emerson, upon the following writing:—

"I do agree, provided John Graff sees fit to take twenty shares of additional stock to his present subscription, to pay any loss he may sustain—provided, however, that the same does not amount to more than five dollars on each share, and if the loss on each share does not amount to five dollars on each share, I am only to be held for any amount under, but nothing over, by way of interest or otherwise, and in case I see fit, I am at liberty to take the above-named twenty shares or any part of them, provided I refund Mr. Graff the amount paid by him on the above shares of Pennsylvania Railroad stock; the above predicated on the Blairsville Branch road, and not to be exacted or in force unless the same is made.                              EDWARD P. EMERSON.

"August 13th, 1850."

After the date of the above, Graff subscribed the twenty additional shares, and in June, 1852, sold it to William Bennet at $45 per share, and brought this action to recover the loss of $5 per share with interest.

The defendant resisted the recovery because the paper was a mere proposition, and he never had any notice that it had been accepted by Graff, and that he could not recover without proof that he had tendered the stock to the defendant, or given him notice before selling it.

[Emerson *v.* Graff.]

The court below (BUFFINGTON, P. J.) charged, *inter alia*, as follows:—

" This question depends mainly on the construction of the contract, and the court are of opinion that it was an absolute agreement to pay the loss, provided the sale was a fair one, and the loss not greater than the amount mentioned in the agreement. Dr. Emerson had the power by the contract to take the stock, by paying the full value, but this right ought to have been exercised within a reasonable time, and if not so exercised, and the stock demanded for a period of nearly two years, nor till after it had been sold by plaintiff, he had no reason to complain of the sale."

The jury found a verdict of $113.20 in favor of the plaintiff, and judgment was entered upon the finding.

The defendant removed the cause to this court, and assigned the charge of the court below for error.

*Banks* and *Drum* for plaintiff in error, argued that it was a mere proposition, and as such not binding as a contract upon Emerson until he had notice that Graff had acceded to it. They cited Patterson *v.* Reed, 7 *W. & S.* 144, and Kay *v.* Allen, 9 *Barr* 320.

*White, Coffee,* and *Cowan,* for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—The relation of these parties is to be ascertained from the writing given in evidence as the ground of the action. That, we are satisfied, is a mere offer or proposal, and not, by itself, a contract. The plaintiff below could not therefore rely on it, as a contract, without showing that defendant was duly notified or informed of his acceptance of it : *Pitman on Prin. and Surety,* 28, &c. The court below was in error in giving the instrument an interpretation as an absolute contract.

And suppose the plaintiff did give the defendant notice ; then another objection is presented to his recovery. The defendant reserves to himself the liberty of taking the stock at cost, and plaintiff sold it without first offering him an opportunity of doing so. If this reservation is in fact worth nothing to the defendant, it is not worth our while to enforce it. If it had related to a horse or other thing having peculiar qualities of its own in its kind, it is easy to see that such a reservation might have real value in it. But shares of stock in the same company differ in nothing from each other.

What then is the value of this reservation to the defendant ? If the stock had been above par when the plaintiff sold it, the right of action would have been on the other side to recover the

. [Emerson *v.* Graff.]

difference, not to get back the stock.   If it had been just par, there would have been no loss on either side.   If it was always below par, the defendant would lose nothing by not getting back those particular shares; for any others would answer him as well, and he could get them at the market price whenever he wanted them.   His reservation was therefore of no value to him; and he is not injured by the plaintiff's neglect to offer it to him before selling it, and this neglect ought not to be an answer to the plaintiff's claim for indemnity under the other branch of the contract if it ever became absolute.

Judgment reversed and a new trial awarded.