## Helfenstein's Estate.

1. A note was, " One year after date I promise to pay to the order of \*.\*, treasurer of the Theological Seminary, &c., the sum of $4000, at 6 per cent. interest, to be paid yearly, value received. The condition of the above donation is that the said $4000 is to form a library fund" for the Seminary, " the principal to be preserved intact, and the interest to be annually devoted to the purchase of books," &c., the selection to be made by the professors or by Professor Good, so long as he remains in the Seminary." The note was handed to Good in the maker's life; after his death Good notified the trus-

tees of the Seminary that he had received the note; they resolved to accept it on the conditions named, and to buy books to the amount of one year's income. *Held*, that the note was but an offer, and the death of the maker before acceptance by the Seminary was a countermand, and the amount was not recoverable.

2. Had the Seminary accepted the note before the death of the maker, they would have assumed the duties under the condition; this would have been a sufficient consideration to sustain the promise.

January 21st 1875.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Montgomery county* : Of July Term 1874, No. 32.    In the distribution of the estate of Albert Helfenstein, deceased.

Albert Helfenstein, a minister of the German Reformed Church, made the following note:

" $4000. .                        North Wales, Montgomery Co., Pa.
                                            June 1870.
" One year after date I promise to pay to the order of Rev. D. Winters, D. D., Treasurer of the Theological Seminary at Tiffin, Ohio, or his successors in office, for the time being, the sum of four thousand dollars, at six per cent. interest, to be paid yearly, value received.

" Due, June 1871. ·

" The condition of the above donation is, that the said sum of four thousand dollars is to form a Library Fund for the Theological Seminary at Tiffin, Ohio (or to be devoted to the Endowment Fund of the Theological Seminary at Tiffin, O.), the principal to be preserved intact and the interest to be annually devoted to the purchase of books for the said Library, the selection to- be made by the Professors in the Seminary (or by Prof. Good, so long as he shall remain a Professor in said Seminary).

                                    A. HELFENSTEIN, JR."

He died September 12th 1870, having made a will, dated June 21st 1870.    He made a number of pecuniary legacies, amounting to more than the balance of his estate after payment of his debts; there was no residuary clause.    Letters testamentary were issued to Jacob B. Bowman, one of the executors named in his will.    No reference was made in the will to the above-stated note to Winters.    At a meeting of the trustees of the Theological Seminary at Tiffin, on the 13th of October 1870, a communication dated October 1st 1870 was received from J. H. Good, chairman of the committee on the increase of the library, informing the trustees that " some weeks previously" he had received from A. Helfenstein, the note above stated.    The trustees thereupon passed a resolution, " that the board accepts said note and donation on the conditions specified in the note;" and that Prof. Good " be

[Helfenstein's Estate.]

authorized to purchase such books as may be needed, to the amount of the probable income of the note for the first year."

The executor having filed his account, by which it appeared that the amount for distribution was $20,853.90, G. N. Corson, Esq., was appointed auditor to report distribution.

The auditor excluded this claim in reporting distribution amongst the creditors of the decedent; after making distribution amongst the creditors there remained for distribution amongst the legatees a balance of $2481.71.

The Seminary filed exceptions to the report; that the auditor erred in rejecting the note from the distribution.

The Orphans' Court overruled the exceptions and confirmed the report; this was assigned for error on appeal by the Seminary to the Supreme Court.

*B. E. Chain*, for appellants.—The benefit which the Seminary students would receive from the books was a sufficient consideration : Austyn *v.* M'Lure, 4 Dallas 226 ; Hind. *v.* Holdship, 2 Watts 105 ; Mercer *v.* Lancaster, 5 Barr 162 ; Esling *v.* Zantzinger, 1 Harris 53 ; Dartmouth College *v.* Woodward, 4 Wheat. 642 ; Yard *v.* Patton, 1 Harris 278 ; Caul *v.* Gibson, 3 Barr 416 ; Chambers *v.* Calhoun, 6 Harris 13. The note with the condition was a declaration of trust, requesting the seminary to establish a library; the consideration therefore was sufficient : Barnes *v.* Perrine, 12 N. Y. Rep. 18. The Seminary accepted the note and on the faith of it incurred liabilities ; this was sufficient consideration : Collier *v.* B. E. Society, 8 B. Monroe 68 ; Morton *v.* Noble, 1 La. An. 192. It is an executed trust : Ellison *v.* Ellison, 6 Ves. 656 ; 1 Lead. Cas. in Eq. (H. & W.) 208 ; Hughes *v.* Stubbs, 1 Hare 476 ; Morgan *v.* Millison, Law Rep. 10 Eq. 475. The legatees are themselves but volunteers ; a voluntary bond is in the nature of a legacy ; Ramsden *v.* Jackson, 1 Atk. 292 ; Villiers *v.* Beaumont, 1 Vernon 101 ; Fairbeard *v.* Bowers, 2 Id. 202 ; 2 Wms. on Ex'rs. 914 ; Toller on Ex'rs. 283 ; Lechmere *v.* Carlisle, 3 P. Wms. 222 ; Candor's Appeal, 3 Casey 119.

*B. M. Boyer* (with whom were *T. W. Bean* and *C. H. Stinson*), for legatees, appellees.—A subscription to a charity not accepted in the life of the donor, is revoked by his death : Phipps *v.* Jones, 8 Harris 260. The paper was but the declaration of an intended gift : 1 Blacks. Com. 441 ; 2 Kent Com. 138 ; Colteen *v.* Missing, 1 Madd. Ch. Rep. 176 ; Hooper *v.* Goodwin, 1 Swanst. 486 ; Pecot *v.* Sanderson, 1 Dev. (N. C.) Rep. 309 ; Fink *v.* Cox, 18 Johns. R. 145 ; Noble *v.* Smith, 2 Id. 52. A parol unexecuted promise to make a gift *inter vivos* is void : Yard *v.* Patton, 1 Harris 285.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 1st 1875.

[Helfenstein's Estate.]

Had the decedent united with others as a subscriber to the fund for the increase of the library of the Theological Seminary at Tiffin, Ohio, the note upon which the appellant made his claim might have been sustained under the case of Caul *v.* Gibson, 3 Barr 416. Or, if the note had been accepted by the trustees, before the death of the promissor, it would have stood on the footing of the principle applied in Chambers *v.* Calhoun, 6 Harris 13; for in such case, if the trustees assumed the duty imposed upon them by the terms of condition of the note, it would have been a sufficient consideration to sustain the promise. But when the decedent died, the trustees had not accepted the note, and his death was a countermand in law of the offer, for such it must be considered until accepted. In Phipps *v.* Jones, 8 Harris 260, where there was a subscription with others for the benefit of a proposed association to build a church, it was held that it was a mere proposal, revocable until the association was formed and the promise accepted, and the death of the subscriber was such a revocation. The promise then was a *nudum pactum.* Nor can it be sustained as a declaration of trust. If it could, every parol promise without consideration might. It matters not who the promissee is, whether a private individual, a corporation or charity. Mr. Helfenstein held no fund or property of which a declaration of trust could be predicated, and which might be enforced in equity as against mere volunteers. Such was the case in Ex parte Pye, 18 Ves. 140; Ellison *v.* Ellison, 6 Id. 656; Richardson *v.* Richardson, Law Rep. 3 Eq. 686; Morgan *v.* Mallison, Id. 10 Eq. 475. Had the donor in this case held stocks or bonds, or notes of a third person, and had promised to give such property or securities to this charitable purpose, it might, perhaps, have been within the principle of these decisions, which are founded in reason and good sense. There is no prescribed form for the declaration of a trust. Whatever evinces the intention of the party that the property, of which he is the legal owner, shall beneficially be another's, is sufficient. V. C. Sir W. Page Wood said in Richardson *v.* Richardson, *supra,* "the real distinction should be made between an agreement to do something when called upon, something distinctly expressed to be future in the instrument, and an instrument which affects to pass everything, independently of the legal estate." But the case now before the court, of a mere promise to pay money *in futuro,* is evidently far out of the reach of any of these cases.

Decree affirmed and appeal dismissed at the costs of the appellant.