Achenbach et al., Appellants, *v.* Kurtz et al.

Argued February 1, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and DREW, JJ.

*C. F. Smith,* of *Smith & Paff,* for appellant.

*Lehman, Hamilton & Castellucci,* for appellee, were not heard.

PER CURIAM, March 14, 1932:

Plaintiffs, administrators of the estate of Samuel Achenbach, deceased, sued to recover damages for alleged breach of contract, and appeal from the decree of the court below entering judgment for defendants.

On April 17, 1924, plaintiffs' decedent, Samuel Achenbach, bought from defendants, six $500 bonds of Kurtz Brothers. Four days thereafter, Kurtz Brothers wrote Achenbach saying: "Referring to the six $500 bonds ......which you purchased April 17, will say that if at the end of one year you so desire, we will buy back these bonds for $2,850, the amount you paid for same. Should you however keep the above mentioned bonds two years we agree to give you the sum of three thousand dollars for same and should you keep them until we call for same in four or five years, we will pay $50.00 bonus for each $1,000 bond." Achenbach died July, 1930, six years subsequent to his purchase, having the bonds still in his possession. Upon refusal of Kurtz Brothers to repurchase the obligations, his administrators sold them at public sale, and their claim is for the difference between the selling price and the amount at which they allege Kurtz Brothers were obligated to repurchase by the terms of their letter above quoted.

The court below states in its opinion that plaintiffs admitted at argument their inability to show that Samuel Achenbach had at any time moved to accept the offer of Kurtz Brothers; under this situation the learned trial

judge properly held that, "If Samuel Achenbach in his lifetime showed no desire to accept defendants' proposal to purchase his bonds, his administrators cannot now come along and make a demand for him and thus endeavor to create a contract uncompleted by the deceased while living." "The death of either party before acceptance is communicated, causes an offer to lapse. An acceptance communicated to the representatives of the offerer cannot bind them, nor can the representatives of a deceased offeree accept the offer on behalf of his estate": 13 C. J. 298, citing Helfenstein's Est., 77 Pa. 328, 331; Mann v. Shaw, 51 Fed. 860, 863, and other cases. Inasmuch as acceptance is an indispensable part of a contract (Emerson v. Groff, 29 Pa. 358, 359; Neill v. Hitchman, 201 Pa. 207; Henry v. Black, 213 Pa. 620, 627; Vitro Mfg. Co. v. Standard Chem. Co., 291 Pa. 85, 93) and no valid acceptance of the contract here alleged appears, the court below properly entered judgment for defendants.

The judgment is affirmed.