## Hagan v. Turner, Jr.

*Joseph F. Mulcahy, Jr.*, for plaintiff.

*Charles J. Odgers, Jr.*, for defendant.

TOAL, J., September 13, 1963.—This is an action in equity to compel defendant to transfer the American Kennel Club registration papers for a thoroughbred Manchester dog, named Chatham's Black Knight, based on an alleged oral promise of defendant.

The complaint alleges that defendant gave plaintiff the dog as a birthday present; that, at the time of the delivery of the animal to plaintiff, defendant promised to turn over the registration papers as soon as the animal was registered; that since April 15, 1961, the alleged date of delivery, the animal has been in the exclusive possession of plaintiff, who has trained and groomed it for show purposes and has expended money in veterinarian's fees. Plaintiff further alleges that she was unable to enter the dog in dog shows and that the animal has no value as a show dog unless the registration is placed in plaintiff's name.

Defendant denies that he gave the dog to plaintiff as a birthday gift or had made any promise to turn the registration papers over to her. He further averred that since delivery of possession of the dog to plaintiff, the animal was entered in four shows, and denied that the dog has no value as a show dog to plaintiff unless

the registration papers are in her name. He further sets forth that even if the promise averred by plaintiff were made, it was not supported by consideration. . . .

### Discussion

There is quite a variance between the testimony of the parties. Plaintiff's testimony and that of her witnesses indicates defendant gave the dog to plaintiff as a birthday present on April 15, 1961, and at that time promised to turn over the registration papers after the Canadian National Exhibition and that plans were made on the same night for preparing and showing the dog at the Canadian National Exhibition.

Defendant and his wife testified that the dog was given to plaintiff as a pet, with the registration to be retained by defendant; that the dog was chosen by plaintiff and her father a few days before it was delivered to plaintiff; that at the time of the delivery, neither wife nor defendant knew it was plaintiff's birthday; that nothing was said about taking the dog to Canada at that time; that no promise was made about registration papers; that defendant had enough other dogs until virus killed several about three weeks after delivery of the dog to plaintiff; that it was not until June that the idea of showing the dog in Canada was discussed; that the dog was merely farmed out, in accordance with a common practice of breeders, because if a dog is sold and they give the registration papers, they lose kennel rights and control of the strain and that even when they sell a dog they sometimes retain stud privileges.

There is no question that defendant gave the dog to plaintiff without receiving any consideration, and he did not receive any consideration for the alleged promise to turn over the registration papers to plaintiff at a future time.

A contract must be supported by consideration, and a promise not supported by consideration is nudum

pactum and unenforceable. Plaintiff, in order to avoid
the mandate of the law of contracts in this case, asserts
the doctrine of promissory estoppel as enunciated in
section 90 of the Restatement of Contracts. This doc-
trine has been approved by our Supreme Court in the
leading case of Fried v. Fisher, 328 Pa. 497. In the
case of Miller v. Chester-Cambridge Bank and Trust
Company, 28 Del. Co. 425, our local court commenting
on Fried v. Fisher, supra, pointed out that the doctrine
of promissory estoppel should not be applied loosely and
that certain safeguards are necessary such as (1) that
the promise be one likely to induce action, (2) that such
action be of a definite and substantial character and
(3) that the circumstances be such that injustice can
be avoided only by the enforcement of the promise.

In the case at bar, plaintiff has failed to show any
change in her circumstances or that she altered her
position based on her reliance on the alleged promise of
defendant. She would not be substantially injured or
damaged, nor could any hardship be imposed on her if
she fails to receive the registration papers. In the later
case of Stelmack v. Glen Alden Coal Co., 339 Pa. 410,
the Supreme Court again considered the doctrine of
promissory estoppel. We find, on pages 413-14, the fol-
lowing language:

"That consideration is an essential element of an
enforceable contract is one of our fundamental legal
concepts, and there are but few exceptions to the rule.
'Consideration is defined as a benefit to the party prom-
ising, or a loss or detriment to the party to whom the
promise is made': Hillcrest Foundation, Inc., v. Mc-
Featers, 332 Pa. 497, 503. The terms 'benefit' and
'detriment' are used in a technical sense in the defini-
tion, and have no necessary reference to material ad-
vantage or disadvantage to the parties.

"It is not enough, however, that the promisee has
suffered a legal detriment at the request of

the promisor. The detriment incurred must be the 'quid pro quo', or the 'price' of the promise, and the inducement for which it was made. 'Consideration must actually be bargained for as the exchange for the promise': Restatement, Contracts, Section 75, Comment (b); and see Union Trust Co. v. Long, 309 Pa. 470, 475. If the promisor merely intends to make a gift to the promisee upon the performance of a condition, the promise is gratuitous and the satisfaction of the condition is not consideration for a contract. The distinction between such a conditional gift and a contract is well illustrated in Williston on Contracts, (Rev. Ed.) Vol. 1, Section 112, where it is said: 'If a benevolent man says to a tramp,—"if you go around the corner to the clothing shop there, you may purchase an overcoat on my credit," no reasonable person would understand that the short walk was requested as the consideration for the promise, but that in the event of the tramp going to the shop the promisor would make him a gift.' "

And continuing on page 416:

"Nor can plaintiffs' final contention that the defendant should be estopped from repudiating its promise be sustained. The doctrine of promissory estoppel, upon which they rely, may be invoked only in those cases where all the elements of a true estoppel are present, for if it is loosely applied any promise, regardless of the complete absence of consideration, would be enforceable. The principle involved is defined in the Restatement, Contracts, Section 90, in the following terms: 'A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' The subject is fully discussed in a recent decision of this Court, Fried v. Fisher, 328 Pa.

497, where the safeguards upon the application of the doctrine are clearly set forth.

"Here no action was taken by plaintiffs in reliance upon the defendant's promise which resulted in disadvantage to them. They did not alter their position adversely or substantially. They have suffered no injustice in being deprived of a gratuitous benefit to which they have no legal or equitable right. We are satisfied that there is nothing in the present record to bring this case within any recognized exception to the well settled principle of contract law, that a promise unsupported by consideration is *nudum pactum*, and unenforceable."

The mere fact that defendant made a gift of the dog to plaintiff without consideration does not indicate that this breeder of pedigreed dogs intended to divest himself of control of the dog for stud purposes and thus invade the economy of his kennel business. The chancellor is of the opinion that no injustice will be suffered by plaintiff if she fails to receive the registration papers. On the other hand, a grave injustice could be inflicted on defendant if he is compelled to give up the control of the strain which he perfected and the result could be financial loss and jeopardy to his kennel business.

A mere promise to give will not be enforced in equity: Smith's Estate, 144 Pa. 428; Helfenstein's Estate, 77 Pa. 328. . . .

### Decree Nisi

And now, September 13, 1963 it is ordered and decreed that:

1. Plaintiff's complaint in equity is dismissed;

2. Plaintiff shall pay the costs.

The Prothonotary of Delaware County shall give notice of the filing of this decree nisi to the parties hereto or to their attorneys of record, and, if no excep-

tions shall be filed hereto within 20 days from the date of said notice, the decree nisi herein shall be entered as a final decree.