Cohen *v.* Goldberg, Appellant.

Argued November 15, 1967.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herman Steerman,* with him *Zarwin, Prince, Baum, Steerman & Somerson,* for appellants.

*Harry C. Liebman,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, August 6, 1968:

Morris and Frances Cohen were married on July 19, 1948 and lived together until Frances Cohen's death on January 1, 1965. During their marriage, the Cohens opened three savings accounts in the names of "Frances Cohen or Morris Cohen."

On December 16, 1964, Mrs. Cohen instructed her nephew, Jerry Goldberg, to take from a safe deposit box rented jointly by Mrs. Cohen and Goldberg the passbook for the savings account in the Beneficial Savings Fund Society of Philadelphia and withdraw therefrom $2,000; a check was drawn payable to Frances Cohen, which she endorsed and returned to Goldberg who cashed the check and retained the proceeds. Pursuant to similar instructions given on the 17th, Goldberg withdrew $2,000 from a savings account in the Philadelphia National Bank and delivered these funds to a sister of Mrs. Cohen. Finally, on the 30th in compliance with Mrs. Cohen's instructions, Goldberg withdrew from a savings account in the Bell Savings and Loan Association $3,000, purchased four $1,000 United States savings bonds (at a cost of $750 per bond) in the name of Frances Cohen payable on Frances Cohen's death to four selected grandnieces and grandnephews.

Prior to these withdrawals, the total balance in the three above accounts was $12,551.30. The amount of the withdrawals (a total of $7,000) left a balance in these accounts at Mrs. Cohen's death of $5,551.30. Subsequent to Frances Cohen's death Morris Cohen learned of these withdrawals and then instituted an equity action in Court of Common Pleas No. 4 of Philadelphia County to recover the proceeds from Goldberg. The

court below granted relief based upon its belief that Mr. Cohen, as a surviving tenant of these entireties accounts, was entitled to *all* of the withdrawals. From that decree this appeal was taken.

We are in complete accord with the lower court's determination that these savings accounts were held by Mr. and Mrs. Cohen as tenants by the entireties. "A deposit in a banking account or in a checking account or in a savings account, which is opened or registered in the name of a husband and wife, or of a husband or wife, or of two persons who are husband and wife although not so denominated, creates a tenancy by the entireties, irrespective of whether the money deposited is payable to husband *and* wife or to husband *or* wife, or is denominated a joint account or a joint tenancy." *Brose Estate*, 416 Pa. 386, 390, 206 A. 2d 301, 304 (1965) (emphasis in original). The source of the funds is not relevant. See *Shapiro v. Shapiro*, 424 Pa. 120, 136, 224 A. 2d 164, 172 (1966); *Nachman v. Nachman*, 417 Pa. 389, 394, 208 A. 2d 247, 250 (1965); *Holmes Estate*, 414 Pa. 403, 200 A. 2d 745 (1964).[1]

---

[1] The appellants place considerable reliance on cases such as *Shapiro v. Shapiro*, supra, and *Werle v. Werle*, 332 Pa. 49, 1 A. 2d 244 (1938), holding that there exists a strong presumption that, when a wife transfers her property without consideration to her husband, this transaction creates a resulting trust rather than a gift. We can find no record evidence, however, which demonstrates that the funds in the accounts in dispute were solely Mrs. Cohen's. Appellants' reliance on *Uccellini v. Uccellini*, 423 Pa. 273, 223 A. 2d 694 (1966) is equally misplaced. We there held that no tenancy by the entireties was created where there was a mutual agreement between husband and wife that both would contribute funds to their joint accounts but the wife did not perform her part of the agreement. This case is thus inapposite for there was no contention below either that there was an agreement or that Mr. Cohen failed to perform.

Although our cases frequently recite that an estate by the entireties can be terminated only by mutual agreement, our cases also create a doctrine of a fictional offer to terminate and a fictional acceptance by lawsuit applicable to those cases in which the termination is obviously not by mutual consent, i.e., those instances where one spouse has without the other's consent appropriated property held by the entireties. This doctrine was best articulated in *Stemniski v. Stemniski*, 403 Pa. 38, 42, 169 A. 2d 51, 53 (1961): "A violation of the rules [governing entireties property] by one spouse's appropriating the property to his own use works a revocation of the estate by the *fiction* of the appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit: the property is then fit for accounting and division: . . ." (Emphasis supplied.) See also *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 534-35, 153 A. 2d 901, 905 (1959); *Berhalter v. Berhalter*, 315 Pa. 225, 229, 173 Atl. 172, 173 (1934). The court below concluded that Mrs. Cohen's death prior to the commencement of Mr. Cohen's equity action forestalled any acceptance of this *fictional* offer because, under general contract principles, to be accepted an offer must be communicated to the offeree prior to the death of the offeror.[2] The lower court therefore held that Mr. Cohen was the surviving entireties tenant and awarded to him the funds withdrawn by Goldberg. We agree that the lower court was correct in its view as to traditional contract doctrine. Appellants, however, urge this Court to extend the offer-exception doctrine, apparently contending that they should be entitled to at least one-half of the property owned jointly by Mr. and Mrs. Cohen. We decline to promulgate such an extension and conclude that the doctrine should be confined to the situation which spawned it.

---

[2] See, e.g., *Achenbach v. Kurtz*, 306 Pa. 384, 159 Atl. 718 (1932).

*Stemniski* involved an inter vivos suit between husband and wife in which the plaintiff requested an accounting and division of the property. In the present case Mr. Cohen's action cannot be regarded as an acceptance of Mrs. Cohen's offer for the simple reason that he asked not for an accounting and division of the property but for return of all the funds appropriated by Mrs. Cohen. Support for this position can be found in *Brose Estate,* supra at 391, 206 A. 2d at 304: "Withdrawing by one tenant and appropriating the money or property to the withdrawer's own exclusive use without the consent or subsequent approval of the other tenant, terminates the tenancy *at the option of the co-tenant,* but not the co-tenant's right to an accounting and to one-half thereof." (Emphasis supplied.) Mr. Cohen, now the surviving tenant of the entireties accounts, cannot be deemed to have exercised his "option" by this lawsuit; he attempts not to acquiesce in his wife's withdrawals but to enforce his survivorship right in the accounts. Having never consented to his wife's action, the money withdrawn continued to be impressed with the entireties provisions and Mr. Cohen is entitled to those funds as surviving tenant. See *Holmes Estate,* 414 Pa. 403, 200 A. 2d 745 (1964).

Finally, appellants contend that they cannot be held liable as constructive trustees and that, if they can, each trustee should be accountable only for the amount each received. We find it unnecessary to decide whether a constructive trust was properly imposed by the court below for, although in its opinion it mentions the creation of a constructive trust, its decree merely requires that the funds be returned, thus operating as if a judgment had been rendered, in effect holding that vis-a-vis Mrs. Cohen's donees Mr. Cohen has title to the funds in question. The court below has merely decided a question of title and thus

the issue of the propriety of creating a constructive trust need not be reached. However, we do agree that each donee should be liable only for funds actually received; the decree of court below makes all appellants jointly liable for return of the funds and it should be accordingly modified.[3]

The decree of the Court of Common Pleas of Philadelphia County is vacated and the record remanded for entry of a decree consistent with this opinion. Each party to pay own costs.

————

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur in the result reached by the majority but would like to comment on the state of the law with respect to the fictional offer and acceptance doctrine.

I agree with *Stemniski v. Stemniski*, 403 Pa. 38, 169 A. 2d 51 (1961), that an offer to sever an entireties account (withdrawal of part or all of the fund) is deemed accepted when suit is brought during the lifetime of the withdrawing spouse for *one-half of the withdrawal*. However, there is no fictional acceptance of an offer to sever when the aggrieved spouse is seeking to recover *all of the funds* wrongfully withdrawn.

————

[3] The record leaves unclear exactly in whose possession the funds presently are; if appellant Goldberg still retains the entire $7,000, he must return it. To the extent that he has disbursed the funds in accordance with Mrs. Cohen's wishes, the recipients would be liable for the amounts they received. Appellants also contend that Doris Kurland, the sister of Mrs. Cohen who was to receive $2,000, has not been joined as a party-defendant and that there was therefore a failure to join a necessary party. Since Doris Kurland is not a party, then the modified decree will have no impact upon her. However, she was not a necessary party as we view this action because it was within Mr. Cohen's discretion to pursue any or all of the individuals who allegedly received the disputed funds—his failure to join Doris Kurland merely results in a situation in which any funds received by her are not reached by the decree as modified.

When a spouse brings suit to recover the entire amount appropriated, this is not an acceptance of an offer to sever but rather is a rejection of the offer and a demand that the estate by the entireties be restored to its original state. Consequently, I agree with the majority that the survivor is entitled to the entire fund.

Mr. Chief Justice BELL joins in this concurring opinion.