## Dorazio v. Dorazio

Before Munson, Cicchetti and Adams *JJ*.

*Ralph C. Warman*, for plaintiff.

*Thomas P. Ruane, Jr.*, for defendant.

ADAMS, *J.*, January 23, 1976—This matter is before the court en banc on preliminary objections raised by defendant to an action in equity for an accounting of stocks and funds of plaintiff and defendant, husband and wife, which were jointly held as tenants by the entireties and which have been alleged by plaintiff to have been appropriated for the sole use of defendant.

Plaintiff and defendant were married in 1940. During the course of their marriage, they made deposits in a joint savings account and also purchased certain shares of stock which they held jointly, both of which are the subject of this suit. In her complaint, plaintiff alleges that defendant sold the jointly-held stock and also withdrew money from the savings account to the exclusion of plaintiff. Plaintiff brought an action in accounting to recover one half of the value of the stock and one half of the money withdrawn from the savings account. In his preliminary objections, defendant contends that an action for an accounting is not proper because plaintiff has an adequate remedy at law.

The court is of the opinion that the action in accounting is proper and that the preliminary objections should be dismissed.

When property is held as tenants by the entireties and one joint tenant appropriates the property so held to his own use without the consent of the other joint tenant, this conduct constitutes an offer on his part to terminate the tenancy. The other tenant may then accept this offer by filing an action for an accounting and division of that property: Cohen v. Goldberg, 431 Pa. 192, 244 A.2d 763 (1968). In accordance with the factual averments made in the complaint, an action in accounting was the proper procedure for plaintiff to follow.

Therefore, we make the following

## ORDER

And now, January 23, 1976, the preliminary objections of defendant are hereby dismissed, with leave to defendant to file an answer and new matter within 20 days of the date of this order.