## Popovich Estate

*Norma Caquatto,* for petitioner.
*Richard J. Freyvogel,* for respondent.

ROSS, *J.,* March 29, 1989 — Before the court are preliminary objections to the petition of the executor of the estate of Anne C. Thomas Popovich for partition of real estate formerly held by the entireties by decedent and her surviving spouse, George Popovich. The petition was filed after decedent's death. No petition for partition was filed during her lifetime.

Anne C. Thomas Popovich died February 10, 1989, during pendency of a divorce action against her second husband, George Popovich. The divorce complaint included counts for divorce, alimony, equitable distribution and maintenance of health and life insurance and a request for injunctive relief prohibiting transfer of personal property.

In an earlier opinion, *Popovich Estate,* 9 Pa. Fiduc. 2d 88, 94 (1989) the court held that George Popovich had a liability secondary to that of the estate to pay debts incurred for necessaries by decedent as well as the expense of her last illness, funeral and burial. If the estate were insolvent, the duty of the surviving souse would become primary. The court also enjoined George Popovich from transferring the former entireties real estate pending a determination whether decedent's estate is insolvent.

If the estate succeeds in this partition action and recovers a share in the entireties real estate, there will be no insolvency. Without an interest in the real estate, there is insolvency.

In Pennsylvania tenancy by the entireties is an estate peculiar to a married couple who hold co-

ownership in real estate with the right of survivorship: *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 534, 153 A.2d 901, 904 (1959); *Gallagher Estate,* 352 Pa. 476, 480, 43 A.2d 132, 133 (1945). Upon the death of one spouse the survivor becomes sole owner of the former jointly-held property: *Holmes Estate,* 414 Pa. 403, 407, 200 A.2d 745, 747 (1964).

The Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, §3373, 20 Pa.C.S. §3373, provides:

"An action or proceeding to enforce any right . . . which survives a decedent may be brought by . . . his personal representative . . . as though the decedent were alive."

Although an uncompleted action for divorce does not survive decedent's death, the death of a tenant by the entireties who has instituted an action for partition of entireties real estate does not result in abatement of the action: *Clingerman v. Sadowski,* 513 Pa. 179, 185, 519 A.2d 378, 380 (1986).

No case has ever held, however, that partition may be instituted after death by the executor after title to entireties property passed from operation of law to the surviving spouse.

The severance of a tenancy by the entireties during the co-tenants' lifetime is based upon a legal fiction that when one spouse appropriates entireties property to his or her own use, an offer to sever the tenancy is made which is accepted by the other spouse's bringing suit for accounting and partition: *Reifschneider v. Reifschneider,* 413 Pa. 342, 344, 196 A.2d 324, 325 (1964); *Stemniski v. Stemniski,* 403 Pa. 38, 42, 169 A.2d 51, 53 (1961). The cases finding an acceptance of the offer to sever relate to a personal act by the then-living decedent: *Eyer Estate,* 455 Pa. 369, 371, 317 A.2d 203, 204 (1974);

*Allen Estate,* 488 Pa. 415, 424, 412 A.2d 833, 835 (1980); *Holmes Estate, supra,* at 407, 200 A.2d at 47.

In a reverse situation where the wife allegedly misappropriated entireties property and died before the surviving spouse could exercise his option to ask for accounting and division, the court held that since the survivor never consented to his wife's actions, the money withdrawn continued to be impressed with the entireties provisions and that the surviving spouse co-tenant was entitled to those funds: *Cohen v. Goldberg,* 431 Pa. 192, 244 A.2d 763 (1968). The court rejected the appellants' argument that, when Cohen brought suit after his wife's death to recover all the misappropriated funds, he accepted his dead wife's offer to sever. The court held that once the property rights were fixed by death, the action of the surviving tenant could not be construed as acceptance of the offer to sever. The court declined to promulgate an extension to the fiction and concluded "the doctrine should be confined to the situation that spawned it." *Cohen* at 197, 244 A.2d at 766.

The partition action in the instant case is based upon the fact that the animosity of George Popovich deprived the decedent of use of the marital property except for the room she occupied. It is urged that a partition action would have been too costly for her before her death enmeshed as she was in divorce litigation.

Had the divorce been consummated the estate might have pursued a claim under section 401(b)(1) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §401(b.1). See *Pastuszek v. Pastuszek,* 346 Pa. Super. 416, 424, 499 A.2d 1069, 1071 (1985). However, the property rights were transformed at death. George Popovich became owner of the whole

title and the estate now may not accept his "offer to sever" when his wife did not do so while alive. The estate, therefore, is insolvent and the liability of George Popovich to pay all estate debts for necessaries furnished decedent as well as for the expenses of her last illness, funeral and burial becomes primary.

A hearing will be held to determine the exact liability of George Popovich to the estate and a decree of distribution entered thereafter. The injunction against conveyance shall stand until the debts for necessaries and for illness, funeral and burial are paid and receipts filed with the court.

## ORDER OF COURT

And now, March 29, 1989, it is ordered that a hearing be held May 8, 1989 at 9:30 a.m. to liquidate the amount owed by George Popovich to the estate of Anne C. Thomas Popovich.

It is found that the estate of Anne C. Thomas Popovich has no legal right to partition former tenancy by the entireties realty after the death of decedent since no action for partition was brought before the death of decedent and therefore, it is ordered, adjudged and decreed that the petition for partition is dismissed with prejudice.