J-S22033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANICE BONUS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN D. BONUS | : | |
| | : | |
| Appellant | : | No. 1464 WDA 2023 |

Appeal from the Order Dated November 9, 2023
In the Court of Common Pleas of Washington County
Civil Division at No. 2022-0057

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: AUGUST 1, 2024**

Brian D. Bonus (Appellant) appeals from the order granting judgment on the pleadings in favor of his step-mother, Janice Bonus (Mrs. Bonus).  After careful consideration, we affirm.

CASE HISTORY

The parties' dispute concerns residential real estate located on Mounts Road in Washington County.  Appellant explains,

> [Appellant's late father,] Joseph W. Bonus (Decedent)[,] entered into a lawful marriage with [Mrs. Bonus] in or around May 1980. Prior to that marriage, Decedent had a biological son, Appellant…. During the course of the marriage, Decedent and [Mrs. Bonus] acquired ownership of the [Mounts Road] property by way of Deed dated October 3, 1980, and recorded in the office of the Washington County Recorder of Deeds on December 15, 1980.

Appellant's Brief at 10.

Mrs. Bonus and Decedent separated, but never divorced. *Id.* at 14. When Decedent died intestate on September 28, 2021, there was no divorce action pending. *See, e.g.*, N.T., 12/5/23, at 3 (at hearing on petition of Appellant's prior counsel's request to withdraw, Mrs. Bonus's counsel states, "there was no divorce action pending[;] … both [of] their names were on [the deed, and w]hen he died, title passed to her"). *Id.* Notably, Mrs. Bonus and Decedent had each filed for divorce, but both actions were terminated without resolution. Mrs. Bonus's action was dismissed for inactivity. *See* Appellant's Brief at 11 (acknowledging Mrs. Bonus's action "never received a final disposition, resulting in the docket being deemed stale and inactive"). Appellant also concedes "there was never a final disposition" in Decedent's divorce action. *Id.* Likewise, Mrs. Bonus states that her divorce action was "dismissed," while Decedent's action was "discontinued." Appellee's Brief at 4-5.

Mrs. Bonus asserts that she attained "full title" to the property when Decedent died. *See* Brief in Support of Judgment on the Pleadings, 10/31/23, at 1. The problem, according to Mrs. Bonus, is that Appellant "continues to reside in the property and refuses to leave." *Id.* On January 28, 2022, Mrs. Bonus filed a complaint in ejectment and trespass against Appellant. She described Appellant as "occupying" the property, and attached a copy of the October 3, 1980 deed showing her joint ownership with Decedent. Complaint, 1/28/22, at 1. Mrs. Bonus further averred that although she and Decedent never divorced, Appellant "filled out the Certificate of Death labeling

[Decedent's] marital status at the time of death as divorced." *Id.* at 1-2. Mrs. Bonus attached a copy of the death certificate to her complaint. She averred that Appellant "knowingly or recklessly informed the funeral director that [Decedent's] marital status was 'divorced,' … in an attempt to fraudulently obtain ownership of the residence in which [Mrs. Bonus] now seeks his eviction." *Id.* at 2. Mrs. Bonus stated:

> [Appellant's] actions have led to an incorrect death certificate now filed with the Commonwealth of Pennsylvania Department of Health and Vital Records. [Appellant] has thus far refused to take the steps necessary to correct a knowingly incorrect Certification of Death.
>
> [Appellant] was found to be living at [the property] without permission of [Mrs. Bonus]. [Appellant] has no lease. [Appellant] has no legal claim to title.
>
> On or about December 8, 2021, [Appellant] was served with a Notice to Quit. …
>
> [Appellant] has not made any attempt to vacate the property [].

*Id.* (paragraph numbers omitted).

Mrs. Bonus sought "instant possession and quiet enjoyment of the property." *Id.* at 3. She also claimed "damages in unpaid rent, loss of use and enjoyment of the property, and damages to the residence." *Id.* at 4.

Appellant filed preliminary objections, and Mrs. Bonus filed a response. The trial court partially sustained and partially overruled the preliminary objections. The court concluded:

> [Mrs. Bonus's] complaint adequately pleads her claim to ownership. Her complaint does include immaterial allegations … and those references are properly stricken. Finally, though [Mrs.

Bonus] sufficiently pleaded her incidental loss of rent[, s]he has not sufficiently pleaded any other "damages."

Memorandum and Order, 5/20/22, at 5-6. The trial court granted Mrs. Bonus leave to "more specifically" plead her claim. *Id.* at 6.

Mrs. Bonus filed an amended complaint on May 31, 2022. She restated her claims about Appellant occupying the property and refusing "to vacate the property despite having no right to possession thereof and repeated requests and notice to do so." Amended Complaint, 5/31/22, at 5. She reiterated that Appellant was trespassing, and requested judgment "in an amount equal to the fair rental value of the subject property from the time of dispossession to the entry of said judgment, plus any and all interests thereupon, plus any and all other consequential damages, fees, and costs that this [c]ourt may deem just and proper." *Id.* at 6. Mrs. Bonus attached a printout from the Zillow real estate website which estimated the property's fair market and monthly rental value, but stated that the "amount and extent of said physical damages is unknown as [Mrs. Bonus is] dispossessed presently of the property." *Id.*

Appellant filed an answer, new matter, and counterclaim; Mrs. Bonus filed preliminary objections in response. The trial court, noting that Appellant "does not make clear the cause of action he is pursuing in his counterclaim," partially sustained and partially overruled Mrs. Bonus's preliminary objections. Memorandum and Order, 1/20/23, at 7. The court granted Appellant leave to file an amended counterclaim, but stated if "no such amendment is filed, the [c]ounterclaim shall be stricken[.]" *Id.*

- 4 -

Appellant did not file an amended counterclaim. On October 25, 2023, Mrs. Bonus filed a motion for judgment on the pleadings.[1] Both parties submitted court-ordered briefs to the trial court. On November 9, 2023, the trial court granted judgment on the pleadings. The court stated:

> By way of further explanation, a tenancy by the entireties includes the right of survivorship; upon the death of one spouse the survivor becomes the sole owner of the entireties property. ***In re Holmes Estate***, 200 A.2d 745 (Pa. 1964). … Property titled as tenancy by the entireties does not become part of the decedent's estate.
>
>> In ***Maxwell v. Saylor***, [58 A.2d 355 (Pa. 1948)], a … case precisely analogous and controlling[, i]t was held that a common-law joint tenancy with the right of survivorship, an estate per my et per tout, in such circumstances best effectuates the declared intention of the grantees to the extent legally permissible; that such form of joint ownership for unmarried persons most closely approximates tenancy by entireties enjoyed by lawfully married parties since in both instances the survivor takes the whole. There is, of course, a distinction between the *jus accrescendi*, right of survivorship, as an incident of joint tenancy at common law and the interest of the surviving party in an entireties estate. In the former, the survivor takes a new estate by the addition of a moiety to his prior interest; in the latter, there is no alteration in the estate, the death of one tenant * * * merely reduces the legal personage holding the estate to an individuality identical with the natural person.
>
> ***Frederick v. Southwick***, 67 A.2d 802, 805 (Pa. Super. 1949).

Order, 11/9/23.[2]

---

[1] The pleading was originally titled as a motion for summary judgment. With the parties' consent, the trial court granted Mrs. Bonus's petition to amend the title to "Judgment on the Pleadings." Order, 10/31/23.

[2] The order was docketed on November 14, 2023.

Appellant filed a timely appeal. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, but "requested that the Superior Court accept the trial court's order dated November 9, 2023 as its 1925(a) opinion, and dismiss the appeal." 1925(a) Opinion, 1/5/24.

On April 9, 2024, Mrs. Bonus filed a motion to dismiss the appeal pursuant to Pa.R.A.P. 2188. Rule 2188 permits an appellee to move for dismissal if an appellant "fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed." Pa.R.A.P. 2188. Mrs. Bonus asserted that Appellant has "continuously filed documents in an untimely manner." Motion to Dismiss, 4/9/24, at 3. Consistent with her underlying claims, she referenced Appellant's late filing of his docketing statement and appellate brief, *id.* at 2, stating that "throughout the entire timeline of the case at the lower [c]ourt, Appellant has delayed and extended this matter so that he could remain in [Mrs. Bonus's] home without authority or payment." *Id.* at 3. The following day, Appellant requested an extension of time to file his brief. Application for Extension of Briefing Schedule, 4/10/24. This Court granted the request, and denied Mrs. Bonus's motion without prejudice. Order, 4/26/24.

ISSUE

Appellant presents the following question for review:

Did the trial court commit an abuse of discretion and err as a matter of law in finding that a tenancy by the entireties existed regarding the underlying real property at issue?

Appellant's Brief at 9.

DISCUSSION

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.Civ.P. 1034(a). When reviewing whether the trial court properly granted judgment on the pleadings,

> this Court's standard of review is plenary and we apply the same standard used by the trial court. The trial court must confine its consideration to the pleadings and relevant documents and must accept as true all well-pleaded statements of fact. A motion for judgment on the pleadings will only be granted where, based upon the pleadings and properly attached documents, there exists no material issues of fact and the moving party is entitled to judgment as a matter of law.

*Hoopes v. Hadley*, 315 A.3d 844, 847 (Pa. Super. 2024) (citations omitted). In particular, a trial court must accept as true "the well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Erie Insurance Exchange v. Mione*, 253 A.3d 754, 759 (Pa. Super. 2021) (citation omitted).

Here, Appellant admits that Mrs. Bonus and Decedent owned the property as tenants by the entireties. A tenancy by the entireties exists when property is held jointly by a married couple. *Wykel v. Knapp*, 288 A.3d 889, 893 (Pa. Super. 2022) (citing *Clingerman v. Sadowski*, 519 A.2d 378, 380-81 (Pa. 1986)). A tenancy by the entireties is "characterized by the right of

- 7 -

survivorship; upon the death of one spouse the survivor becomes the sole owner of the entireties property." ***Clingerman***, 519 A.2d at 381.

Appellant claims the trial court erred "in finding that a tenancy by the entireties was intact and existed." Appellant's Brief at 14. He bases his claim on Mrs. Bonus's exclusion from the property, and the couple's "implied agreement to sever the tenancy by the entireties." ***Id.*** Appellant argues:

> [T]he tenancy by the entireties that was held over the [p]roperty was severed on more than one ground. The first and most elementary finding of a severance is by way of an implied agreement to partition the [p]roperty due to Decedent specifically excluding [Mrs. Bonus] from the marital residence from October 2003 through the time of Decedent's [death]. As stated ***supra***, it is undisputed that [Mrs. Bonus] left the marital residence in or around October 2003, filed for divorce that same year, and never returned to the [p]roperty for nearly eighteen (18) years prior to Decedent's [death]. Appellant avers that [Mrs. Bonus's] exclusion from the [p]roperty, which was never contested by [her], constituted an implied agreement to partition the [p]roperty that was originally held as a tenancy by the entireties. ***See Clingerman***, 519 A.2d at 381.
>
> The second ground upon which the tenancy by the entireties of the [p]roperty was severed can be found from [Mrs. Bonus's] divorce action filed in 2003. As previously mentioned, after [Mrs. Bonus] filed for divorce at Washington County Docket No. 2003-5728, [she] alleged that Decedent had misappropriated marital property by way of a Petition for Injunctive Relief and Special Relief, by way of her legal counsel, which is the same legal counsel [she] has retained for the instant matter. Decedent presented his own Petition for Injunctive Relief against [Mrs. Bonus] on the same day [she] presented her Petition, alleging that [Mrs. Bonus] has misappropriated marital property. As a result, Decedent and [Mrs. Bonus] were required to provide an accounting of the marital property in question and each party was effectively enjoined from disposing of any marital property, including the [Mounts Road p]roperty.

***Id.*** at 21-23.

Mrs. Bonus maintains that the trial court properly rejected Appellant's claim that the tenancy by the entireties "was severed simply because a divorce had been filed."[3] Appellee's Brief at 7. She also assails Appellant's claim that the tenancy by the entireties was somehow severed by Mrs. Bonus not remaining at the marital property. *Id.* at 8. Mrs. Bonus suggests "special attention should be paid to the [trial court's] Memorandum and Order dated January 20, 2023[,] … which states in pertinent part, 'indeed the relevance of [Appellant's] allegation regarding [Mrs. Bonus's] desertion and other estate matters is not clear.'" *Id.* at 13 (citing Memorandum and Order, 1/20/23, at 3). According to Mrs. Bonus, "there were allegations made within petitions in [the 2003] divorce case, but as previously admitted by Appellant, there were never grounds for divorce even established." *Id.* at 15. She emphasizes that neither she nor the Decedent ever alleged misappropriation of the Mounts Road property. *Id.* at 13. Like Appellant, Mrs. Bonus relies on *Clingerman*. *Id.* at 11 (stating *Clingerman* "is the controlling case law which the Court should apply").

The "essential issue" in *Clingerman* was "the status of the entireties estate at the time of [the wife's] death." *Clingerman*, 519 A.2d at 381. In *Clingerman*, after a husband and wife separated, the wife filed a complaint

---

[3] She asserts, "Consistent with Appellant's past practices in this case, the instant appeal was filed to further delay and prevent [Mrs. Bonus] from exercising her rights to the [p]roperty. She is an elderly woman who desperately needs the income from a sale of the [p]roperty." Appellee's Brief at 7.

in equity seeking a division of their assets held as tenants by the entireties. *Id.* at 380. The wife alleged that without her knowledge or consent, the husband had transferred joint funds into his name alone, "and made substantial withdrawals, refusing [the wife] any access to the funds contained therein." *Id.* The wife died while the action was pending, and the action "was continued by her executrix." *Id.* The husband "moved for judgment on the pleadings on the grounds that the equity action had abated" when the wife died, "and all the disputed property had passed to him as the surviving tenant by the entireties." *Id.* The husband prevailed before the trial court, but the executrix appealed and this Court ruled in her favor. *Id.* Husband successfully sought review with the Pennsylvania Supreme Court, which heard the case "to consider the question of whether the death of a tenant by the entireties **who has instituted an action in partition** of the entireties property results in the abatement of the action and the passing to the surviving spouse of unrestricted title to the property." *Id.* (emphasis added).

In its analysis, the Supreme Court observed that "[n]either spouse in a tenancy by the entireties may independently appropriate property to his or her own use to the exclusion of the other, and neither spouse, acting independently, may sever the estate[.]" *Id.* at 381 (citations omitted). The Court explained that a tenancy by the entireties can be severed only upon the death of one of the co-tenants (where "the survivor becomes the sole owner"), or during the parties' lifetimes by a joint conveyance, divorce, or "mutual agreement, either express … or implied." *Id.* (citations omitted).

Appellant maintains that Decedent and Mrs. Bonus mutually and implicitly agreed to sever the Mounts Road property. The ***Clingerman*** Court explained:

> An implied mutual agreement to terminate a tenancy by the entireties was first recognized by this Court in ***Berhalter v. Berhalter***, [173 A. 172 (Pa. 1934)]*.* In that case we concluded that the action of a wife, separated from her husband, in withdrawing substantial funds from their entireties bank account without her husband's knowledge for the purpose of moving to France, was tantamount to an offer by her to the husband to destroy the entireties account. The husband's subsequent institution of suit for division of the fund constituted an acceptance of the offer. In ***Steminski v. Steminski***, [] 169 A.2d 51 ([Pa.] 1961), where an estranged wife brought an action for an accounting against her husband on the basis that he had wrongfully appropriated to his own use jointly owned bonds and bank accounts, this Court stated:
>
>> A violation of the rules by one spouse's appropriating the property to his own use works a revocation of the estate [by the entireties] by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; *the property is then fit for accounting and division.*
>
> ***Id.*** at … 53 (Emphasis added).
>
> In later cases we have reaffirmed the concept of an implied agreement to terminate a tenancy by the entireties resulting from a misappropriation of entireties property, such misappropriation consisting of an appropriation of entireties property for one co-tenant's exclusive use without the consent of the other co-tenant, followed by a suit for partition brought by the injured party. ***Shoup v. Shoup***, [] 364 A.2d 1319 (1976); ***Cohen v. Goldberg***, [] 244 A.2d 763 ([Pa.] 1968); ***Reifschneider v. Reifschneider***, [] 196 A.2d 324 ([Pa.] 1964). We have also found that an implied agreement to partition exists where there has been an *exclusion* from the exercise or enjoyment of entireties property.

***Id.***

The Supreme Court in **Clingerman** found a "request for partition, containing an allegation of misappropriation, but we do not know if the misappropriation in fact occurred." **Id.** at 382. Thus, the Supreme Court affirmed this Court's decision to vacate the trial court's order and remand for further proceedings, stating, "we are here concerned with the determination of the status of the estate prior to the moment of the death of the wife." **Id.** at 384. Identifying "a more exacting test to determine whether severance has occurred," the Court explained:

> It is the two-part test of an offer, consisting of a misappropriation, and an acceptance, consisting of the filing of an action to partition. In this test we do not focus solely upon the filing of the action to partition but instead upon whether the *two* elements occurred. If the misappropriation took place, the filing of the action to partition is sufficient to constitute an acceptance of the offer to terminate and is a consummation of the implied agreement. In this instance it is not a question whether the action in partition was an unequivocal act, but rather whether there was in fact a misappropriation which constituted the offer.

**Id.** at 383.

Here, the circumstances are distinguishable from **Clingerman**. **See** Appellee's Brief at 19 (stating "the facts [in **Clingerman**] are not present in the instant matter nor the record below"). With respect to the two-part test, Appellant contends:

> [B]oth elements of the two-part test as detailed in **Clingerman** are satisfied by the[ divorce] actions by Decedent and [Mrs. Bonus]. As to the first element, Decedent and [Mrs. Bonus] alleged against each other and committed themselves an act of misappropriating entireties property; thus, the first element of the **Clingerman** test is present and satisfied.

- 12 -

As to the second element, Decedent and [Mrs. Bonus] each filed petitions against one another, demanding an accounting of marital property, which resulted in Orders of Court requiring each party to provide an accounting and precluded each party from disposing of any marital property; thus, the second element of the **Clingerman** test is present and satisfied. Therefore, because the two-part test is satisfied, Decedent and [Mrs. Bonus] effective[ly] severed property that was held jointly as a tenancy by the entireties, including the [Mounts Road p]roperty, by way of an implied agreement.

Appellant's Brief at 23-24

The record does not support this argument. The record contains copies of the dockets in the dismissed and discontinued divorce actions.[4] **See** Mrs. Bonus's Reply to New Matter and Counterclaim, 2/23/23 (Exhibit A). Exhibit A shows that Mrs. Bonus filed a divorce complaint at C-63-CV-2003-5728 on October 9, 2003. Shortly thereafter, the parties filed petitions for injunctive relief concerning certificates of deposit and cash held at a credit union; the Mounts Road property was not mentioned. **Id.** at 2. The case subsequently languished, and a docket entry on June 1, 2018, reflects a notice to terminate pursuant to Pa.R.Civ.P. 230.2. Rule 230.2 provides for the court's termination of inactive cases, and requires that "[a]t least once a year, the court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more." Pa.R.Civ.P. 230.2(a). The last docket entry indicates the case was terminated on July 31, 2018. The caption states:

---

[4] We may take judicial notice of the actions. **Gantz v. Gantz**, 488 A.2d 17, 20 n.6 (Pa. Super. 1985) ("The general rule that judicial notice may not be taken of proceedings in other courts is inapplicable in divorce cases.").

"Status: DISMISS/STALE." Exhibit A at 1. Exhibit A also shows that Decedent filed a divorce complaint at C-63-CV-2014-7931 on December 19, 2014, but sought to settle and discontinue the case and have the filing fee refunded on December 30, 2014. The case caption states: "Status: CLOSED." *Id.* at 3. Appellant admits both divorce actions were terminated. *Erie Insurance Exchange*, *supra*. Nonetheless, he maintains the "closed" status "is of no consequence." Appellant's Reply Brief at 7-8.

To the contrary, the pleadings do not support a finding that Decedent and Mrs. Bonus mutually and implicitly agreed to sever their tenancy by the entireties in the Mounts Road property. The Supreme Court's decision in *Sheridan v. Lucey*, 149 A.2d 444 (Pa. 1959), is instructive. The Supreme Court in *Clingerman* discussed *Sheridan*, which involved property held by joint tenancy. The Court in *Clingerman* stated:

> Appellant argues under *Sheridan* that since the filing of a partition action does not operate to sever a joint tenancy it cannot operate to sever a tenancy by the entireties, which is an even stronger estate of co-ownership than joint tenancy. … Unlike a tenancy by the entireties, a joint tenancy can be severed by a unilateral act of one of the parties, so long as the act clearly and unequivocally signifies an intent to sever. In *Sheridan*, we determined that the filing of an action to partition was insufficient to effect a severance of the joint tenancy because the filing did not represent a clear and unequivocal intention to sever, *i.e.*, **the plaintiff could always have withdrawn the petition**.

*Clingerman*, 519 at 383 (citations omitted, emphasis added). This Court continues to rely on *Sheridan*. An *en banc* panel has opined:

> "[M]ere pendency of an action in partition, *without more*, is insufficient to work a severance of the joint tenancy, whereupon

- 14 -

an abatement occurs upon the death of one of the joint tenants." ***Sheridan…***, 149 A.2d [at] 446 … (emphasis added). The ***Sheridan*** Court reasoned that, until the … order of partition is final and recorded, the plaintiff still "has an election to continue the proceedings to judgment, thus affecting a severance of the joint estate, or discontinuing the action and leaving the joint tenancy in *status quo*." ***Id.***

***Kapcsos v. Benshoff***, 194 A.3d 139, 143-44 (Pa. Super. 2018) (*en banc*).

The record does not support a finding that Decedent and Mrs. Bonus mutually and implicitly agreed to sever the Mounts Road property, as both divorce actions were terminated without resolution. Tenancy by the entireties "is an even stronger estate of co-ownership than joint tenancy." ***Clingerman***, 519 A.2d at 383; ***id.*** at 381 ("Case law is clear that a tenancy by the entireties cannot be severed by one party's unilateral action."); ***see also In re Estate of Navarra***, 113 A.3d 829, 833 (Pa. Super. 2015) (reiterating the "presumption under Pennsylvania law" that property held as a tenancy by the entireties "can only be overcome by clear and convincing evidence that the property was not intended to be held by the entireties").

Accordingly, the trial court properly granted Mrs. Bonus's request for judgment on the pleadings. ***Hoopes***, ***supra***.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/01/2024

- 15 -