747 A.2d 859

**Paul E. SHEARER and Jeanne Shearer, his wife, Appellees,**

v.

**Charles W. NAFTZINGER and Elizabeth Naftzinger, his wife, Appellants.**

Supreme Court of Pennsylvania.

Submitted March 3, 1999.

Decided March 6, 2000.

Richard W. Stewart, Lemoyne, for appellants Charles and Elizabeth Naftzinger.

L.C. Heim, York, for appellees Paul and Jeanne Shearer.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

The sole issue before us is whether the statute of limitations set forth at 42 Pa.C.S. § 5529 constitutes a defense in a proceeding to revive and continue the lien of a judgment. For the following reasons, we affirm the order of the Superior Court.

On July 12, 1974, appellees Paul and Jeanne Shearer (Shearers) entered judgment by confession against appellants Charles and Elizabeth Naftzinger (Naftzingers) in the amount of $9,600.00 at No. 610 September Term 1974 (Cumberland County). Praecipes for writs of revival were filed by the Shearers on May 29, 1979, May 10, 1984, and June 7, 1989. Thereafter, on June 19, 1996,[1] the Shearers filed the praecipe for writ of revival presently at issue. Pursuant to Pa. R.C.P. 3030, the writ of revival became the equivalent of a civil complaint to which the Naftzingers answered and pled in new

1. Seven years elapsed between the 1989 writ of revival and the 1996 praecipe for writ of revival. The judgment lien may nonetheless be revived after the five-year statute of limitations period for revival, however its priority against intervening liens, if any, is lost. *Mid–State Bank and Trust Co. v. Globalnet Int'l, Inc.*, 710 A.2d 1187 (Pa.Super.1998), *affirmed*, 557 Pa. 555, 735 A.2d 79 (1999).

matter the defense of the statute of limitations at 42 Pa.C.S. § 5529. The parties thereafter filed cross-motions for summary judgment in the trial court. The trial court denied the Naftzingers' motion for summary judgment and granted the Shearers'. On appeal, the Superior Court affirmed.

Here, the Naftzingers claim that the Shearers' praecipe should be denied because, pursuant to § 5529, they are foreclosed from executing against the Naftzingers' personal property, the debt is presumed satisfied, and the writ of revival at this point is without force or purpose.

Section 5529 states:

§ 5529. Twenty year limitation.

(a) Execution against personal property.—An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued.

Act of July 9, 1976, P.L. 586, 42 Pa.C.S. § 5529(a).

The plain language of § 5529 pertains to *execution* against personal property. A writ of execution is an authorization to a sheriff or other officer to enforce a money judgment, usually by means of seizing and selling the judgment debtor's property. *See Thomas Associates Investigative and Consulting Svcs., Inc. v. GPI Ltd., Inc.,* 711 A.2d 506, 508 (Pa.Super.1998). Therefore, § 5529 prevents a judgment creditor from satisfying its judgment by executing against the personal property of the debtor more than twenty years after the judgment was entered. A judgment lien, however, merely "prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, [and] also prevent[s] later lienholders from satisfying their debt without first paying the earlier lien." *Mid–State Bank and Trust Co. v. Globalnet Int'l Inc.,* 710 A.2d 1187, 1192 (Pa.Super.1998) (quoting *In re Upset Sale,* 505 Pa. 327, 334, 479 A.2d 940, 943 (1984)). Thus, a writ of revival of a judgment lien does nothing more than preserve the judgment creditor's existing rights and priorities.

■ The Shearers did not file a writ of execution in anticipation of satisfying their judgment against the Naftzingers; they merely filed a writ of revival. The plain language of § 5529 concerns *execution* against the lien property *only* and expresses no time limitation on filing a writ of revival of the judgment lien. Thus, the twenty-year statute of limitations in § 5529 regarding execution against personal property does not constitute a defense to a writ of revival.

■ It is well settled that this Court may affirm the decision of the immediate lower court on any basis, without regard to the basis on which the court below relied. *Donnelly v. Bauer,* 553 Pa. 596, 720 A.2d 447, 454 (1998); *Adams Sanitation Co., Inc. v. Commonwealth Dep't of Envtl. Protection,* 552 Pa. 304, 715 A.2d 390, 396 (1998); *E.J. McAleer & Co. v. Iceland Products, Inc.,* 475 Pa. 610, 613 n. 4, 381 A.2d 441, 443 n. 4 (1977). In affirming the grant of summary judgment in favor of the Shearers, the Superior Court delves into a complex analysis of real versus personal property judgment liens. It then relies on this discussion to determine whether a writ of revival restores the running of the statute of limitations against *execution* upon personal property. We believe that because § 5529 is not a defense to the entry of a writ of revival of a judgment lien we need not go through such an analysis. Therefore, although we find that the Shearers' motion for summary judgment was properly granted, we do so based on the plain meaning of § 5529.

The order of the Superior Court is therefore affirmed.

Justice ZAPPALA files a concurring opinion in which Justices CAPPY and CASTILLE join.

ZAPPALA, Justice, concurring.

I join in the majority opinion. I agree that we "need not go through" the complex analysis employed by the Superior Court to decide this case. However, because that analysis, contained in a published opinion, suggests a confusion regarding the basic concepts that *are* necessary to the decision, I believe a somewhat more thorough explanation is in order.

In affirming the grant of summary judgment in favor of the Shearers, the Superior Court analyzed the writ of *scire facias*, the predecessor of the writ of revival. The court focused particularly on whether, for purposes of calculating the limitations period, execution following judgment on the *sci. fa.* was on the new judgment or on the original judgment. The court essentially concluded that a new limitations period began with each revived judgment, therefore in this case the twenty year limitation period for the Shearers to execute on personal property of the Naftzingers had not expired.

This analysis confuses a judgment with the lien against real property established by a judgment, and misapprehends what it is that is revived. A money judgment acts as a lien against real property, but only for five years. The lien must be continued (or revived) to maintain (or obtain a new) place of priority. However, properly speaking, *it is the lien that is revived, not the judgment.* There is no outer time limit to executing against real property to satisfy a judgment, but the proceeds of such a sale must be distributed according to the priority of liens. Thus the Shearers can revive the judgment lien as often as they wish and execute against any real property the Naftzingers might come to own in the future.[1]

Different rules apply with respect to personal property. A judgment continues to exist, and can be executed on by having the sheriff sell personal property, whether or not a writ of revival is ever filed. Again, it is the lien against real property that is revived, not the judgment. Section 5529 simply places an outer limit of 20 years on executing against personal property to satisfy a judgment. Thus, in this case, the Shearers are no longer able to execute against personal property to satisfy the $9,600 judgment they obtained in 1974.

The fact that the Shearers can no longer execute against personal property to satisfy the judgment, however, is irrele-

1. Perhaps a more common scenario would be that if the Naftzingers attempted to obtain a mortgage loan to purchase real property, the lender would require as a condition of approval that the Shearers' judgment be satisfied, because otherwise the Shearers' lien might have priority over the lender's.

vant to whether they can continue or revive the lien against real property. In terms of the particular question presented in this case, 42 Pa.C.S. § 5529 is not a defense to their proceeding to revive and continue the lien of judgment. Accordingly, the grant of summary judgment in favor of the Shearers is properly affirmed.

Justices CAPPY and CASTILLE join this Concurring Opinion.