J-A08033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

SUSQUEHANNA BANK, F/K/A FARMERS FIRST BANK,

         Appellee

         v.

BONNY BLEACHER,

         Appellant

:    IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
:
:
:
:
:
:
:    No. 1338 MDA 2014

Appeal from the Order Entered July 8, 2014
in the Court of Common Pleas of York County,
Civil Division, at No(s): 2014-SU-605-86

BEFORE:    SHOGAN, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MAY 06, 2015**

Bonny Bleacher (Bleacher) appeals from the July 8, 2014 order which granted the motion for judgment on the pleadings filed by Susquehanna Bank (the Bank), f/k/a Farmers First Bank, in this action for revival of a lien of judgment.  We affirm.

The underlying facts are not in dispute.  In September 2003, the Bank obtained a deficiency judgment of $7,424.50 against Bleacher based upon a car loan it had made to her.  The judgment was transferred to the Court of Common Pleas of York County and revived in September 2009.  The Bank filed a second writ of revival in February 2014.  Bleacher filed an answer raising a statute of limitations defense.  The parties filed cross-motions for judgment on the pleadings.  On July 8, 2014, the trial court entered an order

_____

*Retired Senior Judge assigned to the Superior Court.

denying Bleacher's motion and granting the Bank's motion. Bleacher timely filed a notice of appeal to this Court.

Bleacher states two questions for our consideration:

> I.   Did the [trial] court err in entering judgment on a writ of revival where the writ of revival was filed more than five years after the initial revival, in violation of the statute of limitations?
>
> II.   Did the [trial] court err in holding that a judgment may be revived after the five year period expires but merely loses its priority, in direct contravention of the statute of limitations?

Bleacher's Brief at 3 (suggested answers and unnecessary capitalization omitted).

We consider Bleacher's interrelated questions mindful of the following standard of review.

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**Cubler v. TruMark Financial Credit Union**, 83 A.3d 235, 239 (Pa. Super. 2013) (quoting **Coleman v. Duane Morris, LLP**, 58 A.3d 833, 836 (Pa. Super. 2012)).

"Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property…." 42 Pa.C.S. § 4303(a). The judgment "continues as a lien against real property for five years and then expires unless revived." *Mid-State Bank and Trust Co. v. Globalnet Intern., Inc.*, 710 A.2d 1187, 1190 (Pa. Super. 1998).

Pursuant to 42 Pa.C.S. § 5526(1), an "action for revival of a judgment lien on real property" is one which "must be commenced within five years." Bleacher's argument is that the plain language of this statute precludes revival of a judgment when, as in the instant case, the action is not filed within five years. Bleacher's Brief at 8-9.

Bleacher ignores precedent which states the opposite: "The judgment lien may nonetheless be revived after the five-year statute of limitations period for revival, however its priority against intervening liens, if any, is lost." *Shearer v. Naftzinger*, 747 A.2d 859, 860 n.1 (Pa. 2000) (noting that the statute of limitations was no impediment to revival where seven years passed between writs). *See also Mid-State Bank*, 710 A.2d at 1190 ("Although a judgment may be revived after the five year period, its priority against intervening liens is lost."). Bleacher's attempts to distinguish these cases are unpersuasive.

We also find no merit in her second claim: that the legislature, by amending the statute of limitations in 2006 without altering the language

regarding revival of judgments, indicated its "intent to continue the requirement that liens be revived within five years in order to constitute a lien against real property." Bleacher's Brief at 11. To the contrary, the legislature's failure to modify the language of the statute in the face of the *Mid-State Bank* and *Shearer* decisions, if anything, indicates its agreement with the Courts' construction. *See, e.g., Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376, 387 (Pa. 2001) ("In enacting a statute, the legislature is presumed to have been familiar with the law, as it then existed and the judicial decisions construing it." (internal quotation marks and citation omitted)).

Finally, "[o]ur Courts have recognized that the only cognizable defenses in a proceeding to revive a judgment lien are that the judgment does not exist, has been paid or has been discharged." *Shipley Fuels Marketing, LLC v. Medrow*, 37 A.3d 1215, 1218 (Pa. Super. 2012) (citation and internal quotation marks omitted). The statute of limitations is not one of those defenses. Rather, as our Supreme Court explained long ago:

> While it is true that a judgment, as far as defendant is concerned, continues beyond the five year limitation (although its lien does not, unless revived within that period), yet if plaintiff deems it advisable to revive his judgment against defendant, he may do so, and the fact that the judgment is or is not a lien against any real property is not a legal defense to such revival.

***Cusano v. Rubolino***, 39 A.2d 906, 908 (Pa. 1944) (citations omitted). ***See also Shearer***, 747 A.2d at 861 (Zappala, J., concurring) ("A money judgment acts as a lien against real property, but only for five years. The lien must be continued (or revived) to maintain (or obtain a new) place of priority. However, properly speaking, it is the **lien** that is revived, not the **judgment**. There is no outer time limit to executing against real property to satisfy a judgment, but the proceeds of such a sale must be distributed according to the priority of liens." (emphasis in original)).

Accordingly, the trial court properly determined that that the Bank had the right to revive its lien after more than five years, but lost its prior priority status.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/6/2015</u>