J-S83015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY BERDOMAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MOYER | : | |
| | : | |
| Appellant | : | No. 1017 WDA 2018 |

Appeal from the Order Entered June 13, 2018
In the Court of Common Pleas of Blair County
Civil Division at No(s):  2017 GN 2400

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JULY 12, 2019**

David Moyer appeals from the order denying his motion to strike the lien of judgment against certain parcels of real estate he owns in Blair County, and declining, in the alternative, to declare that an exemplified judgment from Cambria County does not constitute a lien against the real estate.  He argues that the statute of limitations bars any lien.  We affirm.

The relevant facts and procedural history are not in dispute.  On November 20, 1998, Plaintiff/Appellee Jeffrey Berdomas obtained a default judgment in Cambria County against Defendant/Appellant Moyer for $48,294.75.  Moyer did not appeal the decision or pay the judgment.  Neither party took any follow-up action for eighteen years.

On December 23, 2016, Berdomas, the judgment creditor, filed a praecipe for a Writ of Revival of Judgment in Cambria County (No. 2016-

2755).  Moyer filed a petition to strike the writ, alleging that it was barred by the five-year statute of limitations.  **See** 42 Pa.C.S.A. § 5526(1).[1]

The Cambria County trial court denied the petition to strike, without an opinion, on March 31, 2017.  Moyer again did not appeal or file any post-trial motions (or make any post-trial motions in court). Berdomas, the plaintiff/judgment creditor, then filed a petition to calculate post-judgment interest.  Moyer failed to appear.  After a hearing, the Cambria County Court of Common Pleas entered a new judgment. Post judgment interest and fees increased the total amount to $102,183.53. Moyer did not appeal.

On September 5, 2017, plaintiff/Appellee Berdomas filed a praecipe for an exemplified judgment (transferring the Cambria County judgment to Blair County), plus attorney's fees and costs, with the Blair County Prothonotary.[2]

On December 18, 2017, Appellant Moyer, the judgment debtor, filed a petition to Strike Lien of Exemplified Judgment and/or for Declaratory Relief.[3]

---

[1] In relevant part, section 5526 provides:

> The following actions and proceedings must be commenced within five years:
>
> (1) An action for revival of a judgment lien on real property.

42 Pa.C.S.A. § 5526(1).

[2] It appears that Berdomas learned that Moyer owned three parcels of real estate, two of them unencumbered, in Blair County.

[3] The petition also included a request to strike the claim for attorney fees.

Appellee Berdomas filed an answer and new matter. Appellant filed a reply to the new matter.

After a hearing and the submission of briefs, the trial court filed an opinion and order, which denied Appellant's petition. *See* Order, 6/13/18.[4] This timely appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

> Moyer presents two related questions for our review on appeal:
>
> I. Whether the trial court erred and/or abused its discretion in failing to strike the lien of judgment insofar as it purports to be a lien against [Appellant's] real estate, because such a lien is barred by the applicable statute of limitations[?]
>
> II. Whether the trial court erred and/or abused its discretion in failing to enter an order declaring that the exemplified judgment does not constitute a lien against [Appellant's] real estate, because such a lien is barred by the applicable statute of limitations[?]

Appellant's Brief, at 4.

Both of Appellant's questions assert that the revival of the judgment lien is barred by the statute of limitations. The second question simply poses the same issue in the form of a request for a favorable declaratory judgment. Therefore, we will address the claims together. Appellant's issues require us

---

[4] The order also stayed plaintiff Berdomas' request for attorney's fees, pending receipt of documentation or legal argument. However, by letter dated June 19, 2018, counsel for Berdomas withdrew the request for attorney fees. By order dated June 22, 2018 (filed on June 25, 2018), the trial court treated the letter as a motion and granted Berdomas' motion to withdraw the request for attorney fees. *See* Order, 6/25/18, 1-2.

to review various statutory provisions and rules of civil procedure. As the interpretation of both statutes and the Pennsylvania Rules of Civil Procedure are pure questions of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Levy**, 83 A.3d 457, 461 (Pa. Super. 2013); **Keller v. Mey**, 67 A.3d 1, 5 (Pa. Super. 2013).

> A judgment lien . . . merely prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, [and] also prevent[s] later lienholders from satisfying their debt without first paying the earlier lien. Thus, a writ of revival of a judgment lien does nothing more than preserve the judgment creditor's existing rights and priorities.

**Shearer v. Naftzinger**, 747 A.2d 859, 860–61 (Pa. 2000) (brackets in original; citations and internal quotation marks omitted).[5]

Here, chiefly citing decisions of courts of common pleas Appellant concedes are not binding on this Court, **see** Appellant's Brief, at 15, he argues that an action for revival of a judgment lien on real property is barred by the statute of limitations under 42 Pa.C.S.A. § 5526(1), unless renewed within the

---

[5] Specifically, **Shearer** addresses the parallel issue of the twenty-year statute of limitations for execution against **personal** property. **See Shearer**, 747 A.2d at 860; **see also** 42 Pa.C.S.A. § 5529(a):

> (a) **Execution against personal property.**—An execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued.

Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. § 5529(a).

original statutory period.[6] Nevertheless, Appellant admits that even if the writ is entered beyond any five-year period, "the priority is lost but the lien is still valid." Appellant's brief, at 14.[7]

Precedential caselaw supports this concession. *See Shearer*, 747 A.2d at 860 n.1 ("The judgment lien may nonetheless be revived after the five-year statute of limitations period for revival, however its priority against intervening liens, if any, is lost"). (citing *Mid–State Bank and Trust Co. v. Globalnet Int'l, Inc.,* 710 A.2d 1187 (Pa. Super. 1998).

> The lien must be continued (or revived) to maintain (or obtain a new) place of priority. However, properly speaking, *it is the lien that is revived, not the judgment.* **There is no outer time limit to executing against real property to satisfy a judgment, but the proceeds of such a sale must be distributed according to the priority of liens.**

*Shearer*, 747 A.2d at 861 (Zappala, J., concurring) (first emphasis in original; second emphasis added).

On independent review, we discern no basis on which to disturb the decision of the trial court. Other than the citations to non-precedential common pleas court decisions, Appellant does not develop an argument in support of his claims. He has failed to demonstrate that the statute of

---

[6] Appellant's concession is correct. "Common pleas court decisions are not binding on appellate courts." *Branham v. Rohm & Haas Co.*, 19 A.3d 1094, 1103 (Pa. Super. 2011) (citation omitted).

[7] In this case, the loss of priority is little more than hypothetical, because no intervening liens were filed. *See* 1925[(a)] Opinion, 9/10/18, at 10 n.3.

- 5 -

limitations bars revival despite controlling case authority. Additionally, Appellant failed to establish a defense on the merits. He waived any such claims by failing to appear and present any defenses in the earlier proceedings.

Moyer's undeveloped claim that the statute of limitations is actually intended to protect defendants from stale claims, or after witnesses have gone missing, is unpersuasive. *See* Appellant's Brief, at 15. A judgment lien actually prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment. *See Shearer*, 747 A.2d at 860–61. Moyer has waived any claim to a defense on the merits. His public policy argument is undeveloped and would not merit relief.

Our analysis differs in part from some of the reasoning of the trial court. Nevertheless, because our decision disposes of the claims raised by Appellant, we need not address the subsidiary issues raised by him, including, for example, his challenge to the trial court's purported reliance on equitable considerations, and we expressly decline to do so.

"Moreover, it is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis appearing of record." *In re T.P.*, 78 A.3d 1166, 1170 (Pa. Super. 2013) (citations omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2019