J-A06022-24

2024 PA Super 89

| | | |
|---|---|---|
| PRESTON HOOPES, TRADING AND DOING BUSINESS AS HOOPES EQUIPMENT RENTAL & TURF FARMING | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 912 WDA 2023 |
| STEPHEN HADLEY, INDIVIDUALLY AND TRADING AND DOING BUSINESS AS HADLEY LANDSCAPING | : : : : : | |
| Appellant | | |

Appeal from the Order Entered June 3, 2020
In the Court of Common Pleas of Venango County
Civil Division at No(s):  2019-01046

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

OPINION BY PANELLA, P.J.E.:　　　　　　**FILED: May 1, 2024**

Stephen Hadley appeals from the Venango County Court of Common Pleas' order granting the motion for judgment on the pleadings filed by Preston Hoopes, trading and doing business as Hoopes Equipment Rental and Turf Farming ("Hoopes"). Hadley essentially argues the trial court erred by finding that Hoopes' writ of revival of a judgment lien filed in 2019 related to a judgment entered against Hadley in 2007 was not time barred by Section 5526(1) of the Judicial Code. That section provides that an action for revival of a judgment lien on real property must be commenced within five years. **See** 42 Pa. C.S.A. § 5526(1). Hadley also

argues the trial court erred by precluding him from raising the affirmative defenses of laches and estoppel against the writ of revival. We affirm.

The relevant facts underlying this action are undisputed. Hoopes filed a civil complaint against Hadley in 2005 in Potter County. The parties ultimately reached an agreement on the matter and on July 26, 2007, the Potter County Court of Common Pleas directed the Prothonotary to enter judgment against Hadley in the amount of $55, 372.76. On November 30 of the same year, the Potter County order was transferred to, and the judgment entered in, Venango County. There is no dispute that the entry of this judgment resulted in a judgment lien against real property owned by Hadley.

The next activity in the case occurred on August 27, 2019, when Hoopes filed a praecipe for writ of revival of the judgment lien related to the judgment it had obtained against Hadley. The writ averred that the judgment entered against Hadley remained unpaid and it requested the Prothonotary to issue a writ to revive and continue the lien of judgment and file the lien in the judgment index against Hadley.

Hadley filed an answer and new matter. In the answer, Hadley asserted Hoopes had no legal right to any amount of the judgment. The new matter argued that the judgment expired on November 30, 2012, five years after it had been entered, and Hoopes' writ of revival was barred by

the statute of limitations. Specifically, Hadley argued the writ of revival was barred by Section 5526(1) of the Judicial Code, which provides:

§5526. Five Year limitation

The following actions and proceedings must be commenced within five years:

(1) An action for revival of a judgment lien on real property.

42 Pa. C.S.A. § 5526(1). Hadley also raised the defenses of estoppel and laches as new matter.

Both Hoopes and Hadley filed a motion for judgment on the pleadings. In his motion, Hadley renewed his claim that the writ of revival was time barred by Section 5526(1). He further asserted in his supporting memorandum that even if Section 5526(1) was not applicable, Hoopes' motion for judgment on the pleadings should be denied as disputed facts remained on Hadley's affirmative defenses of laches and estoppel. Hoopes maintained, meanwhile, that the defenses raised by Hadley were not cognizable defenses in a proceeding to revive a judgment lien.

Relying on our Supreme Court's opinion in **Shearer v. Naftzinger**, 747 A.2d 859 (Pa. 2000), the trial court rejected Hadley's argument that the writ of revival was time barred by Section 5526. In doing so, the court noted **Shearer** held that the statute of limitations at issue in that case was not a defense to the entry of a writ of revival of a judgment lien given that a writ of revival of a judgment lien is nothing more than a mechanism

- 3 -

for judgment creditors to preserve their lien priority. **See** Trial Court Opinion, 5/12/2020, at 3-4. The court therefore denied Hadley's motion for judgment on the pleadings and partially granted Hoopes' motion for judgment on the pleadings to "the limited extent that this Court finds [Hoopes'] writ of revival is not barred by the statute of limitations." Order, 5/12/2020 (single page).

Hoopes filed a motion for reconsideration. In that motion, Hoopes requested that the court grant its motion for judgment on the pleadings in its entirety. Hoopes asserted that, even if the facts pleaded in Hadley's answer and new matter were taken as true, Hadley would not be entitled to relief as none of the defenses raised by Hadley were cognizable in a proceeding to revive a judgment lien. To the contrary, Hoopes argued, the only cognizable defenses in a proceeding to revive a judgment lien are that the judgment does not exist, the judgment has been satisfied, or the judgment has been discharged. **See** Motion for Reconsideration, 5/21/2020, at 2 (*citing* **PNC Bank, Nat. Ass'n v. Balsamo**, 634 A.2d 645, 649 (Pa. Super. 1993)).

The trial court granted the motion. The court reiterated it had already partially granted Hoopes' motion for judgment on the pleadings based on its finding that the writ of revival was not barred by the statute of limitations. It added that, in considering the remaining issues in Hoopes'

motion, the court found it was clear that none of the remaining defenses raised by Hadley were cognizable in a proceeding for revival of a judgment lien. Accordingly, the court entered an order on June 3, 2020, granting Hoopes' motion for judgment on the pleadings in its totality and ordering the Prothonotary to enter a judgment on the writ of revival.

Hoopes filed a motion for summary judgment on July 14, 2023. During oral argument on the summary judgment motion, it was discovered that the court's June 3, 2020, order had not been served on either party pursuant to Pa.R.C.P. 236. Given these circumstances, the trial court found the matter had been resolved and the summary judgment motion was moot. However, because of the clear breakdown in the court's operations, the court reinstated the parties' appellate rights *nunc pro tunc* and gave each party 30 days to file a notice of appeal from the date of the entry of the order. Hadley filed a timely notice of appeal. Both Hadley and the trial court complied with Pa.R.A.P. 1925. Hadley now raises these two issues for our consideration:

> I. Now that the Judgment Lien Law of 1947 has been repealed and fully replaced by the 2003 Amendments to our Rules of Civil Procedure[,] is the five-year statute of limitations, found [in] 42 Pa. C.S.A. § 5526, now valid and enforceable against a praecipe for writ of revival?
>
> II. Independent of the statute of limitations, do the 2003 Amendments to our Rules of Civil Procedure allow other affirmative defenses to be raised against a praecipe for writ of revival?

Appellant's Brief at 2 (unnecessary capitalization and trial court's answers omitted).

At the core of both of Hadley's claims is his contention that the trial court erred by granting Hoopes' motion for judgment on the pleadings and entering the judgment pursuant to Hoopes' writ of revival.

When reviewing whether a trial court properly granted a motion for judgment on the pleadings, this Court's standard of review is plenary and we apply the same standard used by the trial court. *See Commonwealth v. All that Certain Lot or Parcel of Land Located at 4714 Morann Avenue*, 261 A.3d 554, 559 (Pa. Super. 2021). The trial court must confine its consideration to the pleadings and relevant documents and must accept as true all well-pleaded statements of fact. *See id.* A motion for judgment on the pleadings will only be granted where, based upon the pleadings and properly attached documents, there exists no material issues of fact and the moving party is entitled to judgment as a matter of law. *See id.* at 559-560.

In his first claim, Hadley specifically avers that Section 5526(1), as opposed to the now-repealed Judgment Lien Law of 1947, applies to the writ of revival filed by Hoopes and effectively bars the writ under its statute of limitations. In support of this claim, Hadley provides a fairly detailed history of judgment liens in this Commonwealth. However, we need not

recount that history in full given that there is no apparent dispute that Section 5526(1) is the current and controlling law on writs of revival of judgment liens.[1] Rather, the parties' central dispute centers on what effect Section 5526(1) has on a writ of revival of a judgment lien filed after the judgment lien has lapsed, as was the case here.

Before addressing the parties' arguments, we begin by noting the difference between a judgment and a judgment lien and the relevant general law pertaining to them. A judgment is defined by the Rules of Civil Procedure in relevant part as "a judgment, order or decree requiring the payment of money entered in any court which is subject to these rules." Pa.R.C.P. 3020. Meanwhile, a judgment lien is born when the Prothonotary enters the judgment in the judgment index, which "create[s] a lien on real property located in the county, title to which at the time of entry is

---

[1] In brief, the Judgment Lien Law of 1947 primarily governed judgment liens until the Judicial Code was enacted in 1976 by the Judiciary Act of 1976. The Judiciary Act Repealer Act ("JARA"), meanwhile, was enacted to repeal those statutes that had been supplanted by the Judicial Code, including the Judgment Lien Law. *See Chartiers Valley Sch. Dist. v. Twp. of Ross*, 462 A.2d 673, 675 (Pa. 1983). However, no successor provisions on the general practice and procedures applicable to judgment liens were enacted as part of the Judicial Code or otherwise. *See* Explanatory Comment-2003 preceding Pa.R.C.P. 3020, Section I (explaining history of judgment lien law). Therefore, "the Judgment Lien Law continued as part of the common law … under the fail-safe provision of the JARA "until such general rules are promulgated." *Id.*; *see* 42 P.S. § 20003(b). The Supreme Court eventually promulgated the 2003 amendments to the Rules of Civil Procedure governing the general practice of judgments and judgment liens, which served to fully repeal the Judgment Lien Law. *See* Explanatory Comment-2003 preceding Pa.R.C.P. 3020, Section I.

- 7 -

recorded in the name of the person against whom the judgment is entered." Pa.R.C.P. 3023(a).

Our Supreme Court has described the effect of a judgment lien as follows:

> A judgment lien … merely prevents a debtor from encumbering or conveying any real property he might own in such a way as to divest the effect of the judgment, and also prevents later lienholders from satisfying their debt without first paying the earlier lien.

**Shearer**, 747 A.2d at 860-861 (*quoting* **Mid-State Bank & Tr. Co. v. Globalnet Int'l, Inc.** 710 A.2d 1187, 1192 (Pa. Super. 1998), *affirmed*, 735 A.2d 79 (Pa. 1999)) (brackets omitted).

A judgment continues as a lien against real property for five years and the lien expires at that time unless the judgment has been discharged or the lien is revived. **See Mid-State Bank & Tr. Co.**, 710 A.2d at 1190; Pa.R.C.P. 3023(c). A judgment lien may be revived by, *inter alia*, filing a writ of revival. **See** Pa.R.C.P. 3025.

Here, it is not contested that Hoopes did not file the writ of revival until 2019, clearly more than five years after the 2007 judgment and the establishment of the 2007 judgment lien. Hadley essentially argues that Hoopes' failure to file the writ of revival within the five-year period provided by Section 5526(1) results in the abandonment of any right to the judgment itself. Hoopes argues, meanwhile, that a writ of revival may

- 8 -

be filed after Section 5526's five-year period but when that occurs, the creditor loses any lien priority it may have.

This Court has addressed this very argument, albeit it in a non-precedential memorandum, and concluded that Section 5526 did not bar the entry of a writ of revival filed after the five-year statute of limitations. **See Valley Community Bank v. O'Malley,** 2014 WL 10917595, 850 MDA 2013 (Pa. Super. 2014) (unpublished memorandum). Hoopes argues **Valley Community Bank** resolved the issue correctly and urges us to adopt the rationale used by that decision to reach the same resolution here. Although **Valley Community Bank** was filed before May 1, 2019, we evaluate that decision through the lens of Hoopes' argument incorporating the decision's reasoning in full as well as Hoopes' contention that this reasoning is equally applicable here. **See** Pa.R.A.P. 126(b) (providing that unpublished decisions of the Superior Court filed after May 1, 2019 may be used as persuasive authority).

The appellant in **Valley Community Bank** argued, just as Hadley does here, that the plain language of Section 5526 unambiguously requires a creditor to file a writ of revival of a judgment lien within five years of a judgment or the creditor loses its right to the judgment itself. The appellee in **Valley Community Bank** maintained, again just as Hoopes does here, that the failure to revive a judgment lien within five

- 9 -

years results, not in a forfeit of the underlying judgment, but only in the creditor losing any lien priority.[2]

***Valley Community Bank*** concluded that Section 5526(1) was ambiguous as it was subject to other reasonable interpretations, including the interpretation that a failure to file a writ of revival within five years merely results in the creditor losing its lien priority. Given this ambiguity, the Court looked to, *inter alia*, the object of the statute and the consequences of adopting the appellant's interpretation of the statute and found neither supported that interpretation. ***See Valley Community Bank***, 2014 WL 10917595, at *5 (*citing* 1 Pa. C.S.A. § 1921(c)). It explained:

> [T]he purpose of a judgment lien is to prevent a judgment debtor from selling encumbered property without first satisfying the judgment. The lien is recorded in the judgment index to give notice to potential purchasers that a lien exists against the property. A judgment lien only lasts for five years because thereafter it would become difficult for a purchaser to ascertain whether an unsatisfied judgment lien still exists against the property. Thus, the purpose of the statute of limitations is to protect the judgment lien holder and potential purchasers. The purpose is not to protect the judgment debtor. If we were to adopt the interpretation advanced by

---

[2] We note that Hoopes also makes a threshold argument that Hadley cannot raise a statute of limitations defense to the writ of revival because "the only cognizable defenses in a proceeding to revive a judgment lien are that the judgment does not exist, has been paid or has been discharged." **PNC Bank**, 634 A.2d at 649. We disagree. In effect, Hadley's statute of limitations defense is tantamount to a claim that the judgment no longer exists because Hoopes did not file the writ of revival within the period prescribed by Section 5526(1). We therefore address the merits of Hadley's Section 5526(1) claim.

[the a]ppellant, that is a judgment becomes unenforceable if the judgment lien is not revived with[in] five years, we would be protecting the judgment debtor at the detriment of the judgment lien holder.

***

… Invalidating judgments because the judgment debtor failed to pay within five years would incentivize nonpayment of judgments. The judgment debtor would rationally delay paying the judgment for at least five years in an attempt to free his or her property from the judgment lien. This would be antithetical for a statute whose purpose is to protect judgment lien holders and purchasers.

*Id.* at *5, *7.

We fully agree that the legislature did not intend for the judgment itself to become unenforceable if the creditor does not file a writ of revival of the judgment lien within five years of the entry of the judgment still owed to it because of the debtor's failure to pay. Instead, as Hoopes argues, we agree the effect of Section 5506(1) is that if a creditor does not file a writ of revival of the judgment lien within five years, the creditor loses his lien priority against any intervening liens. This conclusion is, as the trial court found, wholly supported by our Supreme Court's decision in *Shearer*.

There, the Court considered whether the statute of limitations in Section 5529 of the Judicial Code, which provides that an execution against personal property must be issued within 20 years after the entry of judgment, serves as a defense in a proceeding to revive the lien of a

judgment. *See Shearer*, 747 A.2d at 860. In holding that it does not, this Court stated that Section 5529 spoke only to writs of execution and not to writs of revival. *See id.* This Court explained that writs of revival do "nothing more than preserve the judgment creditor's existing right and priorities." *Id.* at 861. And, although the writ of revival in *Shearer* was filed more than five years after the preceding writ of revival and therefore after the judgment lien had lapsed, the *Shearer* Court stated that a "judgment lien may nonetheless be revived after the five-year statute of limitations period for revival, however its priority against intervening liens, if any, is lost." *Id.* at 860 n.1.

> The concurring opinion added:
>
> A money judgment acts as a lien against real property, but only for five years. The lien must be continued (or revived) to maintain (or obtain a new) place of priority. However, properly speaking, it is the lien that is revived, not the judgment. There is no outer time limit to executing against real property to satisfy a judgment, but the proceeds of such a sale must be distributed according to the priority of liens. Thus[, the appellees] can revive the judgment lien as often as they wish and execute against any real property the [appellants] might come to own in the future.

*Shearer*, 747 A.2d at 861-862 (Zappala, J., concurring) (footnote and emphasis omitted).

It is clear that, pursuant to *Shearer*, the trial court properly determined that a writ of revival of a judgment lien filed after the five-

year period in Section 5526(1) results, not in the forfeit of the underlying judgment, but the loss of any lien priority the creditor may have had.[3]

Hadley argues, however, that **Shearer** has "absolutely nothing" to do with Section 5526(1) and any statement involving Section 5526(1) in **Shearer** is nothing more than dicta. Appellant's Brief at 16. We do not agree. The **Shearer** Court recognized that the writ of revival was filed after Section 5526's five-year statute of limitations, but it nonetheless found it remained legally effective because a writ of revival can be filed after the statute of limitations period has run. This conclusion was necessary to the Court's ultimate holding that the appellants could not use the statute of limitations in Section 5529 as a defense against the appellees' legally valid writ of revival, and we therefore do not view it as mere dicta. **See BouSamra v. Excela Health,** 210 A.3d 967, 976 n.5 (Pa. 2019) (stating that a statement is dicta if it is not necessary for a court's holding); **Valley Community Bank**, 2014 WL 10917595, at \*8.

Hadley also argues **Shearer** is inapposite because it was decided before the Supreme Court adopted the amended Rules of Civil Procedure governing judgment liens and the revival of judgment liens, Pa.R.C.P.

_____

[3] Other unpublished memoranda from this Court have likewise concluded that pursuant to **Shearer**, a writ of revival may be filed beyond Section 5526(1)'s five-year statute of limitations but this results in the loss of lien priority for the creditor. **See, e.g., Berdomas v. Moyer**, 2019 WL 3064874, 1017 WDA 2018 (Pa. Super. filed July 12, 2019) (unpublished memorandum).

3021 *et seq*., in 2003. This argument fails to account for the fact that the "Explanatory Comment-2003" immediately preceding Pa.R.C.P. 3020 ("Explanatory Comment–2003") cites **Shearer** three times as support for its explanation of the amendments.[4]

It is true, as Hadley points out, that the note to Pa.R.C.P. 3025, which pertains to the commencement of proceedings in a revival of a judgment lien, points out that Section 5526 requires that an action for revival of a judgment lien on real property be commenced within five years. However, the note to Pa.R.C.P. 3027, which pertains to the entry of the lien upon issuance of a writ of revival, clarifies that:

> The lien attaches whether or not … the lien of the judgment had been lost as to the property.
>
> The priority of the lien is preserved only if the praecipe or the agreement is filed within the five-year period prescribed by these rules.

Pa.R.C.P. 3027, Note. Moreover, the Explanatory Comment-2003 states in no uncertain terms:

> Though a proceeding to revive a judgment may be commenced after the expiration of the five-year period, the

---

[4] We recognize explanatory comments are nonbinding. However, they serve as guidelines for understanding the rule at issue and this Court has previously found the explanatory comments accompanying rules of civil procedure to be both persuasive and instructive. **See Carlino East Brandywine, L.P. v. Brandywine Village Associates,** 260 A.3d 179, 206 n.17 (Pa. Super. 2021); Pa.R.C.P. 129(e) (providing that commentary may be used in construing the rule text). Given the dearth of precedent on the specific issue at hand, we find the Explanatory Comment-2003 to be particularly instructive and persuasive.

importance of commencing a proceeding within the five-year period cannot be ignored. If a lien is lost, its priority is lost and the new lien will date from the entry of the writ of revival or agreement to revive it in the judgment index.

Explanatory Comment-2003 Preceding Pa.R.C.P. 3020, Section IV (*citing*

***Shearer***, 747 A.2d at 861 (Zappala, J., concurring)).

Moreover, the Rules themselves clearly contemplate that a writ of revival may be filed after Section 5526's five-year period has elapsed. Rule 3025 states, in relevant part, that a proceeding to revive "which continues or creates the lien of a judgment may be commenced by filing" a praecipe for a writ of revival. The Explanatory Comment-2003 explains the import of this language:

> The proceeding to revive will, first, continue the lien as to real property which is subject to an existing lien and, second, create a lien with respect to property which is not subject to an existing lien because either the lien has been lost or the lien had not attached to the property (after-acquired property).

> \*\*\*

> … The creation of a lien presupposes that there is no existing lien. There may be no existing lien because either the lien has been lost or because the lien did not attach.

> If a proceeding to revive a judgment is not brought within the five-year period after entry of the judgment in the judgment index as required by Rule 3023, the lien is lost as to property which had been subject to it and there exists no lien to continue. However, the proceedings will create a new lien on property as to which a lien has been lost.

Explanatory Comment-2003 Preceding Pa.R.C.P. 3020, Section IV (explaining Rule 3025).

As such, the Rules of Civil Procedure and their explanatory comments clearly support Hoopes' argument that Section 5526 did not bar the trial court from ordering the revival of the judgment lien based on a writ of revival filed after Section 5526's five-year period. Instead, as **_Shearer_** and our Rules of Civil Procedure establish, Hoopes' failure to file a writ of revival of the judgment lien within the five years prescribed by Section 5526(1) results in Hoopes' loss of any lien priority he secured when the judgment was first indexed as a judgment lien. It does not result in the forfeiture of the judgment itself. No relief on this claim is due.

In his second claim, Hadley argues the trial court should have denied Hoopes' motion for judgment on the pleadings as premature and should also have allowed Hadley to raise the affirmative defenses of laches and estoppel. The first argument is waived, and the second argument is meritless.

Hadley first essentially argues that Hoopes' motion for judgment on the pleadings was premature because there were disputed facts in the pleadings which made discovery necessary. According to Hadley, his answer and new matter disputed the fact that Hoopes had any legal right to the amount asserted or to any amount of the judgment and also

disputed the fact that Hadley's actions were lawful. **See** Appellant's Brief at 18-19.

As Hoopes points out, Hadley has waived this issue as it was not fairly comprised in his Rule 1925(b) statement. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). Even if not waived, Hadley fails to cogently explain how his position that Hoopes had filed an unlawful writ of revival raised issues of material fact or prevented the trial court from resolving the issues in the motion for judgment on the pleadings as a matter of law. As such, he fails to establish that this argument, even if properly preserved for our review, would provide him with a basis for relief.

In his Rule 1925(b) statement, Hadley did argue the trial court erred by prohibiting him from asserting affirmative defenses, which is the second part of his second claim raised here. This claim also offers no basis for relief.

Here, relying on **PNC Bank, Nat. Ass'n**, 634 A.2d at 649, the trial court found that Hadley was prohibited from raising the defenses of laches and estoppel as the only defenses to a writ of revival is that the judgment does not exist, has been paid or has been discharged. Hadley claims the trial court erroneously relied on **PNC Bank, Nat. Ass'n** because it was decided before the 2003 amendments to the Rules of Civil Procedure, and

those Rules do not explicitly preclude affirmative defenses to a writ of revival from being raised. As Hoopes points out, this argument ignores the fact that this principal from ***PNC Bank, Nat. Ass'n*** limiting the defenses in a writ of revival proceeding has been cited in "post-2003" Superior Court decisions. ***See, e.g.****, **Shipley Fuels Marketing, LLC v. Medrow***, 37 A.3d 1215, 1218 (Pa. Super. 2012) ("the only cognizable defenses in a proceeding to revive a judgment lien are that the judgment does not exist, has been paid or has been discharged") (*quoting* ***PNC Bank, Nat. Ass'n***, 634 A.2d at 649). Hadley points to no caselaw that supports his contention that, despite ***PNC Bank, Nat. Ass'n***'s clear directive to the contrary, the trial court erred by precluding him from raising the defenses of laches and estoppel to Hoopes' writ of revival.

In sum, we conclude the trial court did not err in determining that Hoopes' writ of revival of the judgment lien was not time barred by Section 5526(1) and further, that it did not err in granting Hoopes' motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 5/1/2024